**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| Armando Ybarra,<br><br>Plaintiff,<br>v.<br><br>DISH Network, LLC,<br><br>Defendant. | Civil Action No.: 4:13-cv-00963-O |

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Armando Ybarra ("Ybarra"), through undersigned counsel, hereby respectfully submits this Brief in Opposition to Defendant DISH Network, LLC's ("DISH") Motion for Summary Judgment. Plaintiff respectfully requests the Court deny Defendant's Motion for Summary Judgment and instead grant Plaintiff's Motion for Summary Judgment (Doc. No. 29).

## INTRODUCTION

Ybarra sued DISH for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). The undisputed facts in this case show that DISH violated the TCPA by calling Ybarra on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or using an artificial or prerecorded voice without Ybarra's prior express consent.

First, DISH argues that it did not violate the TCPA because the calls were intended for some other person who had previously given DISH consent to receive calls. This "intended recipient" theory has been roundly rejected by multiple courts. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 641 (7th Cir. 2012) ("Consent to call a given number must come from its current subscriber.").

Next, DISH states that it did not make eight of the fifteen calls Ybarra received, despite

admitting that it owns the telephone number from which the calls originated.[1] In addition, DISH asserts that, even if it made those calls, they were not made using an ATDS or an artificial or prerecorded voice. However, this contention is refuted by the evidence submitted in support of Ybarra's Motion for Summary Judgment. (Doc. Nos. 31 & 46).

Finally, DISH argues that Ybarra blocked DISH's calls starting October 4, 2013, and therefore any calls made after that date could not have featured a prerecorded voice. In support of this argument, DISH cites the Affidavit of Randall Thompson, a manager in the Law Enforcement Relations Group at MetroPCS. (Doc. No. 34-2 at 2). Mr. Thompson's Affidavit, however, is devoid of specific facts regarding Ybarra's telephone number, his cellular handset or any calls he received or did not receive from DISH.

## STATEMENT OF FACTS

Ybarra is a resident of Forth Worth, Texas. (Doc. No. 31 at 1). On May 3, 2013, Ybarra acquired telephone number (817) 663-3475 ("the 3475 number"). (Doc. No. 31 at 1, 3). The 3475 number is a cellular telephone number serviced by MetroPCS. (Doc. No. 31 at 1, 3, 5).

The calls to Ybarra from DISH originated from the following telephone numbers: (866) 668-8047 ("the 8047 number") and (888) 337-3474 ("the 3474 number"). (Doc. No. 31 at 1, 22-23, 26, 29, 33-34, 55, 109-10). Both numbers belong to DISH. (Doc. No. 33 at 4; Doc. No. 31 at 110-111, 117). Between May 3, 2013 and October 29, 2013, DISH called Ybarra 15 times using the CISCO UCE Outbound Option, Version 8.5 predictive dialer (the "CISCO Dialer"). (Doc. No. 31 at 22-23, 26, 29, 33-34, 55, 109-10). Seven calls were made from the 8047 number; eight from the 3474 number. (Doc. No. 31 at 22-23, 26, 29, 33-34, 55, 109-10). Three calls were made from the 3474 number after October 4, 2013. (Doc. No. 31 at 33-34). Call records reflect that those three calls lasted six to ten seconds in duration. (Doc No. 31 at 33-34).

[1] In its motion, DISH incorrectly asserts that Ybarra alleges that DISH called him nine times.

Calls from both numbers featured prerecorded messages indicating that the calls were from DISH. (Doc. No. 31 at 1).

At no time did DISH have Ybarra's consent to call the 3475 number. (Doc. No. 31 at 1, 112-113, 119).

**ARGUMENT**

## I. Legal Standard

Ybarra restates the summary judgment standard as set forth by this Court in *Joe Hand Promotions, Inc. v. Tequila Nights Private Club, Inc.*, 2014 WL 4102494, at *2-3 (N.D. Tex. Aug. 20, 2014):

> Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.,* 340 F.3d 233, 235 (5th Cir.2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry,* 115 F.3d 294, 296 (5th Cir.1997).
>
> If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir.1998). "Once the moving party meets this burden, the nonmoving party must set forth" and submit evidence of "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.; Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).
>
> The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party-but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir.2005); *Lynch Props.,* 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir.2003), and

neither will "only a scintilla of evidence" meet the nonmovant's burden, Little, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir.1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." DIRECTV, Inc. v. Minor, 420 F.3d 546, 549 (5th Cir.2005); Steadman v. Texas Rangers, 179 F.3d 360, 366 (5th Cir.1999).

The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 164 (5th Cir.2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir.1986). The "beyond peradventure" standard imposes a "heavy" burden. Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co., No. 3:04–cv–1866–D, 2007 WL 2403656, at *10 (N.D.Tex.Aug.23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.,* Martin v. Alamo Cmty. Coll. Dist., 353 F.3d 409, 412 (5th Cir.2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." Chaplin v. NationsCredit Corp., 307 F.3d 368, 372 (5th Cir.2002).

## II. The TCPA

Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls. *Mims v. Arrow Fin. Servs., LLC*, —U.S.—, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012). The TCPA makes it unlawful to place:

> any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or

> other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). To establish a TCPA violation, Ybarra must show that DISH (1) called him on his cellular telephone and (2) used an ATDS or prerecorded voice to make such calls.

The Fifth Circuit has not yet addressed whether "prior express consent" is an affirmative defense or an element of a TCPA claim. *See Lee v. Credit Management, LP*, 846 F. Supp. 2d 716, 730 (S.D. Tex. 2012). However, the matter is generally treated as an affirmative defense, as the Federal Communications Commission ("FCC") has ruled that the calling entity "should be responsible for demonstrating that the consumer provided prior express consent." *Id.* at 731 (*citing In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, Request of A CA Int'l for Clarification and Declaratory Ruling,* 23 F.C.C.R. 559, 565 (Jan. 4, 2008)); *see also Heinrichs v. Wells Fargo Bank, N.A.*, 2014 WL 985558, *2 (N.D. Cal., Mar. 7, 2014); *Echevvaria v. Diversified Consultants, Inc.*, 2014 WL 929275 at *7 (S.D.N.Y., Feb. 28, 2014); *Kolinek v. Walgreen Co.*, 2014 WL 518174, *2 (N.D. Ill., Feb. 10, 2014).

Prior express consent must come from the "called party." *See* 47 U.S.C. §§ 227(b)(1)(A)(iii) & 227(b)(1)(B).

## III. <u>Ybarra is the Called Party under the TCPA</u>

DISH argues that it did not violate the TCPA because it received consent to call the 3475 number from its "customer", who it admits is not Ybarra. This "intended recipient" theory has "been squarely rejected in no less than twenty cases." *Olney v. Progressive Cas. Ins. Co.*, 2014 WL 294498, *3 (S.D. Cal., Jan. 24, 2014). "Consent to call a given number must come from its current subscriber." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d at 641; *see Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1267 (11th Cir. 2014) (holding that called party does

not mean intended recipient); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251 (11th Cir. 2014) (citing *Soppet* for same proposition); *Fini v. Dish Network L.L.C.,* 955 F. Supp. 2d 1288, 1295-96 (M.D. Fla. 2013) (called party does not mean intended recipient); *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 680 (S.D. Fla. 2013) (same); *Lee*, 846 F. Supp. 2d 716, 731 (S.D. Tex. 2012) ("We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."); *Page v. Regions Bank,* 917 F. Supp. 2d 1214, 1219 (N.D. Ala. 2012) ("Although it appears that Regions had the wrong phone number listed for "Derek Busby," Regions intended to, and did, repeatedly call Page's cellular phone. Page is much more than an incidental recipient of a correctly placed phone call. As such, Page is the "called party" and would have statutory standing to bring a TCPA claim even if statutory standing was limited to only a "called party."); *Harris v. World Financial Network Nat. Bank*, 867 F. Supp. 2d 888, 898 (E.D. Mich. 2012) ("Even if Morgan gave consent, the Defendants do not contend that *Plaintiff* actually provided consent to be contacted.") (emphasis in original); *Kane v. National Action Financial Services, Inc.*, 2011 WL 6018403, *7 (E.D. Mich., Nov. 7, 2011) (holding plaintiff was "called party" within meaning of TCPA where defendant "intended to, and did, call [plaintiff's] personal cell phone number"); *D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, 791 F. Supp. 2d 622, 625 (N.D. Ill. 2011) (called party does not mean intended recipient); *Gutierrez v. Barclays Grp.*, 2011 WL 579238, *5 (S.D. Cal., Feb. 9, 2011) (same).

In *Soppet*, the plaintiffs did not consent to receive automated or prerecorded calls from the defendant. 679 F.3d at 639. Instead, two of the creditor's customers agreed to receive calls at the plaintiffs' numbers before they were assigned to the plaintiffs. *Id.* The Seventh Circuit

noted that the TCPA provides an exception for calls made with the prior express consent of the called party, but flatly rejected that "called party" meant the intended recipient:

> Section 227 uses the phrase 'called party' seven times all told. Four unmistakably denote the current subscriber (the person who pays the bills or needs the line in order to receive other calls); one denotes whoever answers the call (usually the subscriber); and the others (the two that deal with consent) have a referent that cannot be pinned down by context. . . . The phrase 'intended recipient' does not appear anywhere in § 227, so what justification could there be for equating 'called party' with intended recipient of the call'?

*Id.*

The Court concluded that "*[c]onsent to call a given number must come from its current subscriber*." *Id.* at 641 (internal citations omitted) (emphasis added). The Court continued:

> Suppose the Customer had given 'consent' to call someone else's number – perhaps Customer put down his own number with a typo . . . . Suppose Smith, trying to reach Jones, dials the number with a typo and reaches Perkins, who says 'you have the wrong number.' No colloquial user of English would call Jones rather than Perkins the 'called party.' So too if Jones used to be the subscriber of a number later reassigned to Perkins, and Smith's contacts file is out of date.

*Id.*

Here, DISH admits that it did not have Ybarra's consent to call the 3475 number. (Doc. No. 31 at 1, 112-113, 119). Ybarra was and is the subscriber for the 3475 number, and no one but Ybarra had authority to consent to automated calls after May 3, 2013. The fact that the calls may have been intended for another recipient is entirely irrelevant, and DISH's motion should therefore be denied.

## IV. **The CISCO Dialer is an ATDS**

All account-related informational calls and payment reminder calls made by DISH are made via the CISCO dialer. (Doc. No. 31 at 109-111). The CISCO Dialer is an ATDS. The TCPA defines ATDS as: "equipment which has the capacity— (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47

U.S.C. § 227(a)(1); *see Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) ("[A] system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it.").



(Doc. No. 46 at 149-50). Accordingly, the CISCO Dialer is an ATDS.

**V. DISH Made the Calls from the 3474 Number Using the CISCO Dialer**

DISH argues that it did not make the calls Ybarra received from the 3474 number because that number "is *not* used by DISH to make *outbound* telephone calls."(Doc. No. 33 at 10) (emphasis in original). However, it is undisputed that DISH owns the 3474 number (Doc. No. 31 at 117) and that Ybarra's phone records reflect eight calls received from that number (Doc. No. 31 at 22-23, 26, 29, 33-34). As such, the undisputed facts support that the calls from the 3474 number were made by DISH.

DISH also argues that "Plaintiff has not provided any evidence as to the nature of the 3474 number's dialing system". (Doc. No. 33 at 10). However, DISH has already admitted that it uses the CISCO Dialer for all account-related informational calls and payment reminder calls. (Doc. No. 31 at 109-11). DISH contends it was calling Ybarra regarding payment on an overdue account (Doc. No. 33 at 3) and, as discussed *supra*, the CISCO Dialer is indisputably an ATDS. In addition, according to Ybarra the calls from the 3474 number "featured prerecorded messages indicating that the calls were from DISH." (Doc. No. 31 at 1). DISH has not established that no genuine issue of material fact exists with regard to the calls from the 3474 number. In fact, based on the evidence presented by Ybarra, it is undisputed that DISH made the calls from the 3474 number using an ATDS.

**VI. DISH Made Fifteen Calls to Ybarra in Violation of the TCPA**

Ybarra received fifteen automated calls from DISH. Seven calls were made from the

8047 number. The remaining eight calls were made from the 3474 number. The undisputed facts show that each of these calls violates the TCPA.

**A. Calls from the 8047 Number**

DISH placed seven calls to Ybarra's cellular phone from the 8047 number while Ybarra was the subscriber for the 3475 number. (Doc. No. 31 at 55, 110). It is undisputed that all calls from the 8047 number are made using the CISCO Dialer. (Doc. No. 21 at 110). It is undisputed that the CISCO Dialer is an ATDS. (Doc. No. 46 at 147-150, 155). It is undisputed DISH did not have Ybarra's consent to make these calls. (Doc. No. 31 at 1, 112-113, 119). Therefore, the seven calls made from the 8047 number to Ybarra violated the TCPA, and summary judgment should be entered in Ybarra's favor as to these calls.

**B. Calls from the 3474 Number**

Ybarra received eight calls from the 3474 number on his cellular phone. (Doc. No. 31 at 22-23, 26, 29, 33-34). It is undisputed that DISH owns the 3474 number. (Doc. No. 31 at 117). It is undisputed that calls from the 3474 number featured a prerecorded message stating that the calls were from DISH. (Doc. No. 31 at 1). It is undisputed DISH was calling Ybarra regarding overdue payments on a DISH account that did not belong to Ybarra. (Doc. No. 33 at 2-3). It is undisputed that all account and payment reminder calls from DISH are made via the CISCO Dialer. (Doc. No. 31 at 110). It is undisputed that the CISCO Dialer is an ATDS. (Doc. No. 46 at 147-150, 155). It is undisputed DISH did not have Ybarra's consent to make these calls. (Doc. No. 31 at 1, 112-113, 119). Therefore, the eight calls made from the 3474 number to Ybarra violated the TCPA, and summary judgment should be entered in Ybarra's favor as to these calls.

**C. Calls After October 4, 2013**

DISH only argues that three of the eight calls from the 3474 number could not have

featured a prerecorded message. (Doc. No. 33 at 11). According to DISH, Ybarra blocked DISH's calls starting October 4, 2013, and therefore any calls made thereafter could not have featured a prerecorded voice. In support of this argument, DISH cites the Affidavit of Randall Thompson. (Doc. No. 34-2 at 2). Mr. Thompson's Affidavit provides only general statements regarding blocked calls and is otherwise devoid of any specific facts regarding Ybarra's telephone number, his cellular handset or any calls he received or did not receive from DISH. Even if the calls Ybarra received from DISH after October 4, 2013 were blocked, DISH has not met its burden with respect to summary judgment. In fact, Ybarra's phone records show that the three calls placed after October 3, 2013 were answered and lasted six to ten seconds in duration. (Doc No. 31 at 33-34).

## CONCLUSION

Based the foregoing, Plaintiff respectfully requests the Court deny Defendant's Motion for Summary Judgment and instead grant Plaintiff's Motion for Summary Judgment (Doc. No. 29) with respect to Defendant's violations of the TCPA.

Dated: September 29, 2014

Respectfully submitted,

By *\/s/ Jenny DeFrancisco*

Jenny DeFrancisco, CT Bar No. 432383
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2014, the foregoing was electronically filed through the CM/ECF system which sent notice of such filing to the following:

Benjamen E. Kern, Esq.
Benesch, Friedlander, Coplan & Aronoff, LLP
41 South High Street, Suite 2600
Columbus, OH 43215

Eric Larson Zalud, Esq.
Benesch, Friedlander, Coplan & Aronoff, LLP
200 Public Square, Suite 2300
Cleveland, OH 44114

Lane Fletcher, Esq.
Vic H. Henry, Esq.
Henry, Oddo, Austin & Fletcher, P.C.
1700 Pacific Avenue, Suite 2700
Dallas, TX 75201

*/s/ Jenny DeFrancisco*
Jenny DeFrancisco, Esq.