IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ARMANDO YBARRA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:13-cv-963-O |
| § | |
| DISH NETWORK LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant DISH Network LLC's ("Defendant" or "DISH") Motion for Summary Judgment and its Brief and Appendix in Support (ECF Nos. 32-34), filed August 25, 2014; Plaintiff Armando Ybarra's ("Plaintiff" or "Ybarra") Response (ECF No. 47), filed September 29, 2014; and Defendant's Reply and Appendix in Support (ECF Nos. 55-56), filed October 20, 2014. Also before the Court are Plaintiff's Motion for Summary Judgment and his Brief and Appendix in Support (ECF Nos. 29-31), filed August 25, 2014; Defendant's Response and its Appendix in Support (ECF Nos. 48-49), filed September 29, 2014; and Plaintiff's Reply and his Appendix in Support (ECF Nos. 57-58), filed October 20, 2014. Finally, before the Court are Plaintiff's Notice of Supplemental Authority (ECF No. 59), filed October 23, 2014; Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority (ECF No. 61), filed October 24, 2014; and Defendant's Motion for Leave to File Supplemental Authority (ECF No. 62), filed October 30, 2014. For the reasons that follow, Plaintiff's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**, and Defendant's Motion for Summary Judgment is **DENIED**.

**I.     BACKGROUND**

Ybarra, a Fort Worth, Texas, resident, began maintaining cellular telephone service with MetroPCS using the number (817) 664-3475 (the "3475 number") on May 3, 2014. Pl.'s App. Supp. Mot. Summ. J. (Ybarra Aff.) ¶¶ 4-5, App. 1, ECF No. 31; Pl.'s App. Supp. Mot. Summ. J. (Cellular Telephone Contract), App. 4, ECF No. 31. DISH owns two phone numbers at issue in this case: (866) 668-8047 (the "8047 number") and (888) 337-3474 (the "3474 number"). Pl.'s App. Supp. Mot. Summ. J. (DISH Interrog. Resp.), App. 109-10, ECF No. 31; Pl.'s App. Supp. Mot. Summ. J. (DISH Admis.), App. 117, ECF No. 31. Between May 3, 2013 and October 29, 2013, Ybarra's 3475 number received seven calls from the 8047 number and eight calls from the 3474 number. Pl.'s App. Supp. Mot. Summ. J. (Phone R.) 15-16, 19, 22, 26-27, 48, App. 22-23, 26, 29, 33-34, 55, ECF No. 31; DISH Interrog. Resp., App. 109-10, ECF No. 31; DISH Admis., App. 117, ECF No. 31. At no time did Ybarra consent to receive calls from DISH.  Ybarra Aff. ¶ 9, App. 1, ECF No. 31.

Ybarra brought this action against DISH for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Compl., ECF No. 1. On August 25, 2014, the parties filed cross motions for summary judgment. *See* Def.'s Mot. Summ. J., ECF No. 32; Pl.'s Mot. Summ. J., ECF No. 29. Both motions have been fully briefed and are ripe for adjudication.

**II.    LEGAL STANDARD**

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The

2

movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

## III. ANALYSIS

Congress passed the TCPA to protect consumers from receiving intrusive nuisance calls. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012). The TCPA makes it unlawful

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the caller party is charged for the call.

47 U.S.C. § 227(b)(1)(A). Because both parties argue that they are entitled to judgment as a matter of law in this case, the Court addresses each motion in turn, beginning with Defendant's motion.

### A. Defendant's Motion

Defendant contends that it is entitled to judgment as a matter of law for four reasons: (1) the intended recipient of the phone calls from DISH had consented to receiving those calls, so Plaintiff

does not have standing to bring this action; (2) DISH did not make some of the calls Plaintiff received; (3) Plaintiff cannot prove that one of the numbers is tied to a dialing system owned by DISH; and (4) all calls after October 4, 2014, were blocked, so there could have not been a prerecorded or artificial voice after that date. *See* Def.'s Mem. Supp. Mot. Summ. J., ECF No. 33. For the reasons that follow, Defendant's Motion for Summary Judgment is denied.

      1.      Plaintiff's Standing to Sue

DISH argues that summary judgment should be granted in its favor because Ybarra lacks statutory standing to assert a TCPA violation. Def.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 33. Specifically, DISH maintains that the TCPA permits only the intended recipient of the call to bring suit. *Id.* Defendant points to the language of the TCPA to assert that the "called party" means only the *intended* recipient, as opposed to *any* recipient. *Id.* The TCPA prohibits only those calls made without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Although the Fifth Circuit has not addressed whether "consent" under the TCPA is an affirmative defense, the FCC has indicated that the calling party, in this case Defendant, bears the burden of proving the issue of consent. *See Gene & Gene, LLC v. BioPay, LLC*, 541 F.3d 318, 327 (5th Cir. 2008); *see also In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 564 (2008). While it may be true that the previous owner of the 3475 number had consented to DISH calling the 3475 number, DISH concedes that it did not intend to call Ybarra because Ybarra was not a DISH customer. Def.'s Mem. Supp. Mot. Summ. J. 2, ECF No. 33.

As for whether the "called party" means only the intended recipient, the Court declines to construe the statute as such. Instead, based on the text of the TCPA, the Court finds persuasive the reasoning from several circuits that have found that the phrase "called party" means the individual

who received the call because "consent to call a given number must come from its *current* subscriber." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640 (7th Cir. 2012) (emphasis added); *see also Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1267 (11th Cir. 2014) (holding that the called party does not mean intended recipient). DISH did not obtain the prior express consent of the called party, Ybarra. As the current subscriber and the individual receiving the calls from DISH, Ybarra has standing to bring an action under the TCPA. Accordingly, the Court denies summary judgment on this ground.

2. The Calls from the 3474 Number

Defendant contends that it is entitled to summary judgment with regard to Plaintiff's calls purported to be from the 3474 number because that number is never used to make calls but only to receive them. Def.'s Mem. Supp. Mot. Summ. J. 9-10, ECF No. 33. Ybarra's phone records indicate that Ybarra received phone calls from the 3474 number on seven separate occasions. *See* Phone R. 15-16, 19, 22, 26-27, App. 22-23, 26, 29, 33-34, ECF No. 31. Without citing to anything in the record to rebut this evidence, DISH vigorously argues that, as the only party with personal knowledge of this fact, DISH does not make any outbound calls from the 3474 number. However, DISH does acknowledge that it owns the 3474 number. *See* DISH Admis., App. 117, ECF No. 31. Although DISH disclaims control over the outgoing calls from the 3474 number, the Court notes that Ybarra attributed the calls to DISH without knowing that DISH owned the number because the content of the calls claimed to be from DISH. This is a disputed issue of fact that cannot be decided on summary judgment given the current state of the record.

3. Calls from a Dialing System

Next, Defendant argues that Plaintiff has failed to provide evidence to support the contention that calls from the 3474 number meet the requirements for a dialing system under 47 U.S.C. § 227(a)(1). Def.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 33. Plaintiff supplied the Court with a manual for the dialing system Plaintiff contends that Defendant uses in its calls, but Defendant argues that the manual is hearsay.[1] *See* Pl.'s App. Supp. Mot. Summ. J. (CISCO Dialer Manual), App. 123-347, ECF No. 31; Def.'s Opp'n Mot. Summ. J. 12-13, ECF No. 48. At this stage, the Court agrees that the manual is hearsay and does not consider it as evidence.

According to the TCPA, "[t]he term 'automatic telephone dialing system' ["ATDS"] means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In addition to an ATDS, the TCPA prohibits similar calls using a prerecorded voice. *See id.* § 227(b)(1)(A). While Plaintiff may not have proven that the calls came from the ATDS required by the TCPA, Defendant has admitted to using a prerecorded voice in some of the calls at issue. *See* Def.'s Opp'n Mot. Summ. J. 14, ECF No. 48. The Court finds that there is a dispute of fact as to whether an ATDS or a prerecorded voice were used in the calls from the 3474 number. Accordingly, the Court denies summary judgment on this ground.

    4.  Calls After October 4, 2014

Finally, DISH contends that Ybarra blocked calls from the 3474 number on October 4, 2013, so it is not possible for a prerecorded or artificial voice to have been used at any time after that date. Def.'s Mem. Supp. Mot. Summ. J. 11, ECF No. 33. According to Ybarra's phone records, however,

---

[1] While the manual appears to be hearsay without the proper foundation at this stage in the case, the Court is not convinced that the manual will remain inadmissible through trial. Accordingly, Plaintiff will be required to prove the manual's admissibility at trial.

Ybarra received three calls from the 3474 number and one call from DISH's 8047 number after October 4. *See* Phone Records 26-27, 48, App. 33-34, 55, ECF No. 31. All four of those calls lasted for several seconds, indicating that Ybarra answered the phone, several seconds lapsed, and then the call terminated. *See id.* Thus, the Court finds that there is a dispute as to whether the calls after October 4, 2013, were completed, and summary judgment is therefore denied.

### B. Plaintiff's Motion

Plaintiff argues that summary judgment should be granted in his favor because he can show (1) DISH called Ybarra's cellular telephone fifteen times; (2) DISH made the calls without Ybarra's prior express consent; and (3) DISH used an ATDS or a prerecorded voice to make those calls. *See* Pl.'s Br. Supp. Mot. Summ. J., ECF No. 30. The Court addresses each element of Plaintiff's claim in turn.

#### 1. The Calls from DISH

Between May 3, 2013, and October 29, 2013, Ybarra's 3475 number received a total of fifteen calls from the 8047 number and the 3474 number. Phone R. 15-16, 19, 22, 26-27, 48, App. 22-23, 26, 29, 33-34, 55, ECF No. 31; DISH Interrog. Resp., App. 109-10, ECF No. 31; DISH Admis., App. 117, ECF No. 31. DISH vigorously argues that, as the only party with personal knowledge of this fact, DISH does not make any outbound calls from the 3474 number. However, DISH does acknowledge that it owns both the 3474 number and the 8047 number. *See* DISH Admis., App. 117, ECF No. 31; DISH Interrog. Resp., App. 109-10. Accordingly, the Court finds that there is an issue of material fact as to whether DISH made the calls from the 3474 number, but there is no dispute as to the calls from the 8047 number. Plaintiff has proven that he received seven calls from DISH from the 8047 number.

2. Prior Express Consent

The TCPA prohibits calls made without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). At no time did Ybarra consent to receive calls from DISH. Ybarra Aff. ¶ 9, App. 1, ECF No. 31. DISH does not contend that it obtained Ybarra's prior express consent; rather DISH argues that it had consent to call the previous owner of the 3475 number and DISH customer as the "intended recipient" of the calls. Def.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 33. As discussed above, the Court rejects Defendant's "intended recipient" argument, and Ybarra is the "called party" under the TCPA. There is no dispute as to whether he consented to be called by DISH. Accordingly, Ybarra has proven this element.

3. Automated Telephone Dialing System or Prerecorded Voice Requirement

The TCPA prohibits calls using an ATDS *or* a prerecorded voice. 47 U.S.C. § 227(b)(1)(A). DISH uses the CISCO UCE Outbound Option, Version 8.5.4 (the "CISCO Dialer"). DISH Interrog. Resp., App. 109, ECF No. 31. "All payment reminder calls made by Defendant are made from the telephone number (866) 667-8047 using the CISCO Dialer." *Id.* at App. 110. Without needing to determine whether the CISCO Dialer is an ATDS, Defendant has admitted to using a prerecorded voice in calls from the 8047 number. *See* Def.'s Opp'n Mot. Summ. J. 14, ECF No. 48. Because the TCPA prohibits *making any* call using a prerecorded voice, DISH concedes that the prerecorded voice was present in the calls from the 8047 number regardless of whether Ybarra triggered it with a positive voice. 47 U.S.C. § 227(b)(1)(A); Def.'s Opp'n Mot. Summ. J. 14, ECF No. 48 ("A prerecorded voice is 'use[d]' on telephone calls where the call is met with a positive voice."). The Court finds that there is no dispute as to whether the calls from the 8047 number meet the

requirements of the TCPA. Accordingly, Plaintiff is entitled to judgment as a matter of law to the extent of the calls from the 8047 number.

Ybarra also contends that the calls from the 3474 number also featured a prerecorded voice from DISH. Ybarra Aff. ¶ 7, App. 1, ECF No. 31. Furthermore, Defendant has no record of having had a conversation with Ybarra. *See* DISH Admis., App. 114, ECF No. 31. Although DISH owns the 3474 number, DISH argues that it does not control that number. *See id.* at App. 117. The Court finds that there exists a genuine dispute of fact as to whether DISH made the calls from the 3474 number. Accordingly, the Court denies Plaintiff's motion for summary judgment for the calls from the 3474 number.

## IV.     CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion for Summary Judgment should be and is hereby **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** to the extent of the calls from the 8047 number, and the Motion is **DENIED** to the extent of the calls from the 3474 number, as there is a dispute as to whether DISH made calls from that number using an ATDS or a prerecorded voice required by the TCPA. Plaintiff is entitled to statutory damages in the amount of $3,500.00 for seven calls from the 8047 number. *See* 47 U.S.C. § 227(b)(3)(B). It is further **ORDERED** Defendant's Motion for Summary Judgment is **DENIED**.

Pursuant to Local Rule 56.7, a party may not file supplemental authorities without leave of Court, and no such leave was granted here. Accordingly, the Court **ORDERS** that Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority (ECF No. 61) is **GRANTED** and Plaintiff's Notice of Supplemental Authority (ECF No. 59) is **STRICKEN** from the record. The Court has not considered this supplemental authority in ruling on the motions for summary

judgment. Additionally, Defendant's Motion for Leave to File Supplemental Authority (ECF No. 62) is **DENIED**; the Court has not considered this authority in ruling on the motions for summary judgment.

Because Ybarra is entitled to judgment as a matter of law for the calls from DISH using the 8047 number, the trial in this case remains scheduled on the Court's four-week docket beginning on **December 22, 2014** to determine the fact issues relating to the 3474 number.

**SO ORDERED** on this **14th day** of **November, 2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**